```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF INDIANA
                       INDIANAPOLIS DIVISION
```

MARK MCCLESKY, TRUSTEE AND            )
INDIANA STATE COUNCIL OF              )
PLASTERERS AND CEMENT MASONS          )
HEALTH AND WELFARE AND PENSION        )
FUNDS,                                )
      Plaintiff,                      )
                                      )
vs.                                   )       1:04-cv-1909-RLY-WTL
                                      )
CLASSIC CONCRETE, LLC,                )
      Defendant.                      )

## ORDER SETTING ASIDE DEFAULT JUDGMENT
## AND SETTING MATTER FOR STATUS CONFERENCE

This matter is before the court on Defendant's Motion to Set Aside Entry and Judgment by Default. A default judgment was entered by this court on October 12, 2005, after Defendant failed to plead in response to Plaintiffs' Complaint. However, counsel for Plaintiff and a representative of Defendant, who was not admitted to the bar of this court, had met with the Magistrate Judge twice before the default was entered (once in person and once by telephone) to discuss the status of the lawsuit and potential settlement. The Defendant indicating during those conferences that it did owe Plaintiffs contributions as asserted in the Complaint, but was in the process of making payments to Plaintiffs in an effort to resolve the dispute and eliminate the debt. Defendant also indicated it was seeking legal counsel authorized to practice before this court to assist it. In fact, local counsel filed an appearance on the same date that the default judgment was

entered, and filed the motion to set the judgment aside the very next day.

It appears from the pleadings and attached submissions that Defendant does not owe Plaintiffs the entire amount of the judgment that was entered and that, for some unknown reason, the amount sought in the application for judgment did not take into account the payments that had recently been made by the Defendant.  It also appears that Defendant had some reason to believe that its ongoing periodic payment to Defendant was sufficient to keep it from being defaulted prior to obtaining local counsel. Consequently, this court finds that: 1) good cause existed for Defendant's default; 2) Defendant took quick action to correct the default; and, 3) a meritorious defense to the amount of money said to be owed does exist.  *See Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994).  Accordingly, the judgment in this case (Docket #17) is SET ASIDE.

This matter is set for a status conference before Magistrate Judge William T. Lawrence in Room 277, Birch Bayh Federal Building and U.S. Courthouse, 46 E. Ohio Street, Indianapolis, Indiana, at 9:00 a.m. on February 3, 2006.

SO ORDERED this 5th day of January 2006.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to :

James R. A. Dawson
SOMMER BARNARD ATTORNEYS, PC
jdawson@sommerbarnard.com

Donald D. Schwartz
ARNOLD & KADJAN
dds3662@yahoo.com